**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Antonio Lomeli,<br><br>        Petitioner,<br>vs.<br><br>Eric H. Holder, Jr., et al.,<br><br>        Respondents. | No. CV-08-0955-PHX-PGR (MHB)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Burns in light of Petitioner's Objections to the Magistrate Judge[']s Report and Recommendation Pursuant to 28 U.S.C. § 636(b)(1) (doc. #34), and the other post-Report and Recommendation documents filed by the parties, the Court finds that the petitioner's objections are meritless and that the Magistrate Judge correctly determined that the petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, should be denied and dismissed with prejudice.

The petitioner has been detained by the U.S. Immigration and Customs Enforcement since November 9, 2006 pending the effectuation of an administratively final order requiring his removal to Mexico. ICE has not removed the petitioner because the Ninth Circuit Court of Appeals stayed the removal order on February 15, 2008 pending its consideration of the petitioner's judicial

appeal; the appeal is still pending.[1]

The petitioner raised several statutory and constitutional grounds in his habeas petition challenging the legality of his prolonged detention, some of which have been mooted by subsequent events. Since the Court concludes that the issue before it is the propriety of the petitioner's current detention, any issues that the petitioner now raises concerning the propriety of his initial detention are irrelevant and will not be reached by the Court. *See* Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir.1991) (Court noted that since the case involved a habeas corpus petition and not a claim for damages, the issue before it was whether the government currently had the authority to detain the petitioner and not whether his earlier detention may have been illegal.)

The petitioner's primary legal claim is that he is entitled to be released from detention because his removal is not significantly likely in the reasonably foreseeable future due to the pendency of his appeal. The Court concludes that the Magistrate Judge properly determined that this argument is foreclosed by Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir.2008). In that case, which involved a habeas petitioner who had been continually detained for over three years pending his appeal of an order of removal, the Ninth Circuit concluded that the detention was statutorily authorized by 8 U.S.C. § 1226(a). The court reasoned that while the detention was certainly prolonged as a result of the petitioner's pursuit of judicial review of the removal order, the detention was not an indefinite one for purposes of Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), notwithstanding it lacked a certain end date because the petitioner faced a significant likelihood of removal in the reasonably foreseeable future

---

[1] The appeal is Ninth Circuit no. 07-73250, filed August 17, 2007.

- 2 -

given that there were no obstacles to the government repatriating him to Mexico if his pending bid for judicial review of the removal order proved unsuccessful. 534 F.3d at 1062-63. *See also*, Casas-Castrillon v. Dept. of Homeland Security, 535 F.3d 942 (9th Cir.2008) (Court found that a detention of more than seven years pending judicial review of a removal order was authorized by 8 U.S.C. § 1226(a) because the petitioner faced a significant likelihood of removal to Colombia once his judicial and administrative review process was completed.) As the Magistrate Judge correctly concluded, there is nothing in the record establishing that the petitioner cannot be removed to Mexico if his appeal is denied.

Although the petitioner also argued in his habeas petition that his continued detention was illegal because he had not as then been afforded an individual bond hearing before an immigration judge, he subsequently was given a bond redetermination hearing before an immigration judge on September 10, 2008. While the petitioner argued in his objections to the Report and Recommendation that the Court should assume jurisdiction over the propriety of his continued detention because his bond hearing was constitutionally inadequate given that the immigration judge's initial decision, dated October 14, 2008, stated that he did not have jurisdiction to modify the petitioner's custody status, the petitioner's argument is moot because the immigration judge thereafter entered an amended order on November 4, 2008 wherein he stated that the jurisdiction-related statement in the previous order had been a factual error and that the petitioner's continued detention was in fact based on him being a danger to the community due to his 1998 felony conviction for lewd acts with a child, for which he received a ten year sentence, and a number of earlier controlled substance violations.

There is also no longer an issue concerning whether the Magistrate Judge

properly determined that the petitioner must exhaust his administrative remedies regarding his objections to the bond hearing and the immigration judge's detention order because the Board of Immigration Appeals subsequently entered an order on January 8, 2009 that affirmed the detention order on the ground that the immigration judge had correctly determined that the petitioner would be a danger to the community if released.

Since the petitioner's continued detention is authorized by 8 U.S.C. § 1226(a) and his continued detention has been administratively affirmed by the BIA based on an individual bond hearing that occurred subsequent to the filing of the habeas petition, the Court concludes that there is no issue currently remaining in the petitioner's habeas petition that may be reviewed by this Court. See 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No Court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation or denial of bond or parole.") Therefore,

IT IS ORDERED that the petitioner's Motion to Supplement Petitioner[']s Traverse Pursuant to LRCiv 7.2(a) Due to New Facts and New Matters (doc. #31) is granted and the Clerk of the Court shall file Petitioner[']s Supplement to Traverse to Respondents['] Response to Order to Show Cause (doc. #32).

IT IS FURTHER ORDERED that Petitioner's Motion to Supplement the Record Pursuant to LRCiv 7.2(e) (doc. #36) is granted.

IT IS FURTHER ORDERED that the non-mooted portions of the Magistrate Judge's Report and Recommendation (doc. #30) are accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, is denied and that this action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly.

DATED this 17th day of August, 2009.

Paul G. Rosenblatt
United States District Judge