**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Antonio Lomeli,<br><br>      Petitioner,<br>vs.<br><br>Eric H. Holder, Jr., et al.,<br><br>      Respondents. | No. CV-08-0955-PHX-PGR<br><br>ORDER |

    The petitioner has been detained by the U.S. Immigration and Customs Enforcement since November 9, 2006 pending the effectuation of an administratively final order requiring his removal to Mexico. ICE has not removed the petitioner because the Ninth Circuit Court of Appeals stayed the removal order on February 15, 2008 pending its consideration of the petitioner's judicial appeal; the appeal is still pending.[1] The petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 seeking his release from detention. The Court dismissed the petition on August 18, 2009 (doc. #38), finding that the petitioner was not entitled to habeas relief because the petitioner's continuing detention is authorized by 8 U.S.C. § 1226(a) and the pendency of his appeal of his removal order did render his continuing detention illegal for purposes of <u>Zadvydas v.</u>

---

[1] The appeal is Ninth Circuit no. 07-73250, filed August 17, 2007.

Davis, 533 U.S. 678 (2001), given that there were no obstacles to the government repatriating him to Mexico if his pending bid for judicial review of the removal order proved unsuccessful, *see* Prieto-Romero v. Clark, 534 F.3d 1053, 1062-63 (9th Cir.2008), and because the petitioner, subsequent to the filing of his § 2241 petition, had been given an individual bond hearing before an immigration judge who determined that the petitioner's continued detention was required because he constituted a danger to the community, and that detention finding had been affirmed by the Board of Immigration Appeals.

Pending before the Court is the petitioner's Motion in Request for Counsel (doc. #43), which he filed on September 24, 2009 as an accompaniment to his notice of appeal of the dismissal of his § 2241 petition. Having reviewed the motion for appointment of counsel on appeal, the Court finds that it should be denied.

Although there is no constitutional right to appointment of counsel in a § 2241 proceeding, the Court has the discretion to appoint counsel to financially eligible habeas petitioners if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel in a habeas proceeding, the Court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). The Court cannot conclude that the interests of justice warrant the appointment of counsel here because the Court does not believe that the petitioner has a sufficient likelihood of success on appeal given the Court's reasons for denying the habeas petition. *See* Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2nd Cir.2001) (In denying a motion for appointment of counsel

in a § 2241 proceeding, the court noted that "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the individual's claim are thin and his chances of prevailing are therefore poor.") Furthermore, the petitioner has thus far adequately presented his claims in this action unaided by counsel. Therefore,

IT IS ORDERED that the petitioner's Application to Proceed In Forma Pauperis (doc. #42) is granted pursuant to Fed.R.App.P. 24(a)(3).

IT IS FURTHER ORDERED that the petitioner's Motion in Request for Counsel (doc. #43) is denied.

DATED this 10th day of October, 2009.

Paul G. Rosenblatt
United States District Judge